UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anita Praisler, | ) | CASE NO. 1:05 CV 1390 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Ryder Integrated Logistics, Inc., et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon Amended Motion for Remand to Court of Common Pleas (Doc. 7). This case arises out of plaintiff's termination from employment with defendant Ryder. For the reasons that follow, plaintiff's motion to remand is GRANTED.

### FACTS

Plaintiff, Anita Praisler, filed this action in state court against defendants, Ryder Integrated Logistics, Inc. ("Ryder") and Thomas Horton. Defendants filed a notice of removal on the grounds that this Court has jurisdiction over this matter on the basis of diversity of citizenship. According to defendants, plaintiff fraudulently joined Horton and, as such, his

1

citizenship should be disregarded for purposes of analyzing jurisdiction.

This is a refiled case. This case was initially filed in state court in February of 2004. In the first case, plaintiff brought suit against Ryder and Thomas Streeter, plaintiff's former supervisor. The sole count asserted in the complaint consisted of a common law claim for wrongful termination in violation of public policy. In the complaint, plaintiff alleged that she was wrongfully terminated for reporting safety violations. Streeter moved to dismiss the case on the grounds that a claim for violation of public policy cannot be asserted against an individual supervisor. The state court granted the motion and Ryder thereafter removed the case to this Court on the basis of diversity of citizenship. Six months later, plaintiff dismissed her complaint pursuant to Rule 41(a)(2).

On April 28, 2005, plaintiff refiled her complaint in state court. Plaintiff again asserted a claim for violation of public policy. Like the first complaint, the refiled complaint alleges that plaintiff was terminated for reporting safety violations. Plaintiff, however, named Horton as a defendant instead of Streeter. Defendants timely removed the complaint on the grounds that Horton was fraudulently joined. After removal, plaintiff amended her complaint. In addition to the public policy claim, the amended complaint asserts a claim for violation of Ohio's Whistleblower statute.

Plaintiff moves to file a second amended complaint and also moves to remand this case to state court. Plaintiff argues that regardless of whether the initial complaint or the second amended complaint governs this case, the Court lacks jurisdiction over this matter because diversity of citizenship does not exist. Defendant opposes plaintiff's motions.

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at

2

any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). Because the determination of federal jurisdiction in a diversity case is made as of the time of removal, *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996), a court's ruling on a motion to remand will rest on whether the case was properly removed to federal court in the first place. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000) (citing *Ahearn*, 100 F.3d at 453). The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists. *Id.*

In order for this Court to have subject matter jurisdiction based on diversity, complete diversity must exist at the time of removal. *Coyne*, 183 F.3d at 492. However, the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id.* at 493. In order to establish fraudulent joinder, the "removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* Any doubt as to whether removal is proper must be resolved in favor of remand. *Id.*

Plaintiff's motion to remand is directed both at the initial complaint as well as the proposed second amended complaint. The Court finds that in order to properly address the issues presented in this case, it is first necessary to address plaintiff's motion to remand as it relates to the initial complaint. This is so because the Court must determine whether the case was properly removed to federal court in the first place. Only if the Court concludes that *the case was properly removed* will jurisdiction exist to rule on the other pending motions.

Defendants argue that Horton was fraudulently joined as a defendant. In her initial

complaint in this case, plaintiff asserts a claim for termination in violation of public policy (hereafter "*Greeley* claim") against Horton.[1]  According to defendants, Ohio law does not recognize this claim against an individual manager/supervisor.  As such, plaintiff cannot establish a cause of action against Horton and his citizenship must be disregarded.  Defendants argue that the state court already concluded as such in the first state court action.  Specifically, defendants point out that the Magistrate's order, which was adopted by the trial court, provides "defendant [ ] as an individual who is not the actual employer of the Plaintiff, has no personal liability...for [wrongful termination in violation of public policy.]"  Defendants also argue that, had plaintiff truly believed she had a claim against Horton, she would have named him as a defendant in the first case.

Plaintiff argues that the public policy supporting her *Greeley* claim is O.R.C. § 4101.12, which addresses safety in the workplace.  It appears that plaintiff is claiming that individual liability exists for violations of this statute and, therefore, correspondingly exists for *Greeley* claims where the public policy supporting the claim is derived from O.R.C. § 4101.12.  Plaintiff bases this argument on the definitions set forth in O.R.C. § 4101.01, which, according to plaintiff, provide that liability may be imposed on an "agent, manager, representative or other person having control...of any...place of employment."  Plaintiff further argues that no reported Ohio case law exists precluding individual liability for *Greeley* claims.

Upon review of the parties' arguments, the Court finds that plaintiff's motion for remand must be granted.  Although not cited by either party, a recent case from an Ohio Court of Appeals

---

[1]  Claims for termination in violation of public policy arose as a result of the Ohio Supreme Court's decision in *Greeley v. Miami Valley Maint. Contractors, Inc.*, 551 N.E.2d 981 (Ohio 1990).

4

held that individual liability may be imposed for *Greeley* claims based on wrongful termination

for reporting safety violations.  In *Armstrong v. Trans-Service Logistics, Inc.*, slip copy, 2005

WL 1301691 (Ohio Ct. App. 5th Dist. May 27, 2005), plaintiff brought suit against her employer

and two supervisors after she was terminated for reporting food-related safety violations to

governmental officials.  Plaintiff asserted a claim under Ohio's Whistleblower statute as well as a

claim for wrongful termination in violation of public policy.  The trial court granted the

individual defendants' motion for summary judgment on the grounds that individual liability

does not exist for either claim.  The court of appeals reversed the decision as to the public policy

claim finding that the cause of action at issue is a tort and, pursuant to general principles of tort

law, agents may be held liable for their own tortious conduct.  *Id.* at *8.  The court further held,

> In the case at bar, appellant alleges that he was discharged from his employment for
> investigating and reporting what amounts to suspected criminal activity.  The individuals
> that he has named as defendants in this suit are the supervisors who participate[d] in
> firing him for reporting the violations.... Obviously, such retaliatory practices could deter
> employees from reporting what they believe to be legitimate health and safety concerns.
> This clear expression of public policy will be furthered if the individuals responsible for
> the decision, as well as their common corporate employer, are amenable to suit.

*Id.* at *10.

Although defendants correctly point out that the trial judge in this case concluded that

individual liability for wrongful termination in violation of public policy does not exist,

*Armstrong* was decided after the court issued its order.  It is entirely plausible that the trial court,

with the benefit of *Armstrong*, may reach a different conclusion as to plaintiff's claim against

Horton.  Regardless, at a minimum, there is a split in authority on the issue of individual liability

for *Greeley* claims.  Given that this Court must resolve all doubt in favor of remand, the Court

5

finds that the *possibility* exists that plaintiff may recover against Horton in state court.[2]  As such, he was not fraudulently joined and his citizenship must be considered in analyzing diversity jurisdiction.  Because Horton and plaintiff are both citizens of Ohio, complete diversity does not exist and this Court lacks jurisdiction over this matter.

**CONCLUSION**

For the foregoing reasons, the Amended Motion for Remand to Court of Common Pleas is GRANTED.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

---

[2]     The parties dispute whether O.R.C. § 4121.01(A) imposes individual liability for public policy claims based on O.R.C. § 4101.12.  The Court finds that it need not reach this issue because *Armstrong* provides that such liability may be imposed.  The Court recognizes that the safety violations at issue in that case involved food-related concerns.  The Court, however, finds that the holding in *Armstrong* is sufficiently broad that an Ohio court might impose individual liability for the safety concerns at issue in this case.  The Court also rejects defendants' argument that collateral estoppel bars reconsideration of this issue.  *Armstrong* had not been decided at the time the trial court dismissed Streeter.  As such, the trial court could revisit the issue in this case.

6